WILLIAM E. MARSH, Respondent, *v.* CHARLES F. CHICKERING et al., Appellants.

*It seems* that where a servant, employed in the performance of ordinary labor, in which no machinery is used or materials furnished requiring great skill and care, is injured by a defective instrument or tool furnished by the master, of the defects in which the servant has full knowledge and comprehension, he cannot hold the master responsible.

Plaintiff, a servant in the defendants' employ, was injured by the slipping of a ladder which he was using in lighting lamps in front of defendants' building. The ladder was a new one which, by defendants' permission, plaintiff himself had ordered made, and which he had used in safety for over six weeks. After the ladder was delivered he told defendants' superintendent that it ought to be hooked and spiked, or there would be an accident. The superintendent promised to have this done. This promise was repeated several times, but was not performed. The accident occurred upon a stormy night, sleet, snow and rain falling, and the wind blowing. Plaintiff had lighted safely seven lamps, changing the position of the ladder each time; when lighting the eighth the ladder slipped. In an action to recover damages, *held,* that these facts did not justify a recovery, as it failed to prove that defendants had not furnished a proper ladder.

A master does not owe to his servant the duty of furnishing the best known or conceivable appliances; he is simply required to furnish such as are reasonably safe and suitable.

(Argued January 26, 1886 ; decided February 12, 1886.)

APPEAL from judgment of the General Term of the Supreme Court in the first judicial department, entered upon an order made October 26, 1883, which affirmed a judgment in favor of plaintiff, entered upon a verdict, and affirmed an order denying a motion for a new trial.

The nature of the action and the material facts are stated in the opinion.

*Theodore H. Swift* for appellants.  To enable plaintiff to recover, he was bound to show that the injury was sustained through the defendants' negligence, and that there was no contributory negligence on his part.  (78 N. Y. 483 ; 58 id. 248 ; 84 id. 58 ; 98 id. 198, 280.)  Defendants were not bound to furnish plaintiff with the best, most approved or most recent machinery or tools.  (15 Weekly Dig. 103 ; 98 N. Y. 274, 562.) If defendants' superintendent was negligent they were not liable, he being a co-employe with plaintiff.  (*Crispin* v. *Babbit*, 81 N. Y. 516 ; *McCosker* v. *L. I. C. R. R. Co.*, 84 id. 77 ; 70 id. 171, 174–176.)  A knowledge of the dangerous character of a tool an employe uses is fatal to his recovery for injury from its use.  (*Bell* v. *A. & W. R. R. Co.*, Alb. L. J., April 10, 1883 ; *Seymour* v. *Maddox*, 16 Q. B. 326 ; *Seaver* v. *B. & M. R. R. Co.*, 14 Gray, 466.)  In an action like the case at bar the master must be at fault and know of it, and the servant must be free from fault to insure a recovery.  (*Wright* v. *N. Y. C. R. R. Co.*, 25 N. Y. 562; 12 R. I. 112 ; 34 Am. Rep. 615 ; 113 Mass. 396 ; 98 N. Y. 562; 32 Alb. L. J. 134; *Leonard* v. *Collins*, 70 N. Y. 90.)  Plaintiff's continued use of the ladder was negligence. (1 New Eng. Rep'r, 124.)  The court erred in allowing plaintiff to prove that the day after the accident defendants had hooks put on the ladder.  (*Baird* v. *Daly*, 68 N. Y. 547 ; *Salters* v. *D. & H. C. Co.*, 3 Hun, 338 ; *Morrel* v. *Peck*, 24 id. 37 ; 31 id. 28.)  Plaintiff's contributory negligence was a question of law.  (*Davis* v. *Third Ave. R. R. Co.*, 41 N. Y. Super. Ct.. 31 ; *Baulec* v. *N. Y. C. R. R. Co.*, 59 id. 356 ; Whart. on Neg., § 238 ; 8 C. B. [N. S.] 568 ; 98 N. Y. 280.)

*A. R. Dyett* for respondent.  The fact that plaintiff knew of the danger of using the ladder and continued to use it was not contributory negligence as matter of law, in view of defendants' promise to repair it after notice to them of the defect.  (*Fuller* v. *Jewett*, 80 N. Y. 46 ; *Flike* v. *B. & A. R. R. Co.*, 53 id. 549, 553 ; *Booth* v. *B. & A. R. R. Co.*, 73 id. 38 ; *Mehan* v. *Syr. & B. R. R. Co.*, id. 585.)  Acts the

master is bound to perform for the safety and protection of his employes cannot be delegated so as to exonerate the master from liability to his servant. (*Ford* v. *Fitchburg R. R. Co.*, 110 Mass. 240 ; 53 N. Y. 549, 553 ; 25 id. 262 ; 39 id. 468 ; *Hough* v. *T. & P. R. R. Co.*, 9 Rep'r, 193, 198, 199 ; *Cooley on Torts*, 559 ; *Laning* v. *N. Y. C. R. R. Co.*, 49 N. Y. 528, 534–537 ; *Hawley* v. *No. Cent. R. R. Co.*, 82 id. 370.)

MILLER, J. The plaintiff seeks to recover in this action for injuries sustained, while in the defendants' employ, by means of a ladder used by him in lighting the gas lamps connected with and in front of the defendants' building.

The plaintiff had lighted seven of the eight lamps by the use of the ladder, and, when in the act of lighting the eighth one, the ladder slipped and plaintiff's leg caught in one of the rungs, and that caused the injury. It was a stormy night in the month of March, sleeting and raining, snowing and windy. The plaintiff, previous to this occurrence, had used a ladder of the defendants, which broke with him, and he had spoken to one of the defendants, stating the accident and saying that they ought to have a good ladder, hooked and spiked, or else there would be an accident. The defendant spoken to told him to go to the superintendent, and direct him to order a new ladder. This the plaintiff did, and he then went to a ladder-yard and ordered a new ladder himself at the request of the superintendent, and after the ladder had been delivered, he told the superintendent that it ought to be hooked and spiked, and the superintendent promised to have hooks and spikes put on it but never did. The plaintiff used the ladder for six weeks or two months, and during that time he says he spoke to the superintendent twice about it, the second time three or four weeks before the accident, saying to him that the ladder was not hooked and spiked and there would be an accident. The superintendent replied that he would have it fixed.

The right of the plaintiff to maintain this action is founded upon the alleged negligence of the defendants in not furnishing a proper ladder for the use of the plaintiff in the work he was

engaged to perform. It rests upon the principle that it is the
duty of the master to the servant, and the implied contract
between them, that the master shall furnish proper, perfect and
adequate machinery or other materials and appliances necessary
for the proposed work. (*Laning* v. *N. Y. C. R. R. Co.*, 49
N. Y. 521; Shearm. & Redf. on Neg., § 92.)

As a general rule it is to be supposed that the master who
employs a servant has a better and more comprehensive knowl-
edge as to the machinery and materials to be used than the
employe who has claims upon his protection against the use of
defective or improper materials or appliances while engaged in
the performance of the service required of him.

The rule stated, however, is not applicable in all cases, and
where the servant has equal knowledge with the master as to
the machinery used or the means employed in the performance
of the work devolving upon him, and a full knowledge of exist-
ing defects, it does not necessarily follow that the master is
liable for injuries sustained by reason of the use thereof.

In considering the application of the rule just stated due regard
must be had to the limited knowledge of the employe as to the
machinery and structure on which he is employed and to his
capacity and intelligence, and to the fact that the servant has a
right to rely upon the master to protect him from danger and
injury, and in selecting the agent from which it may arise.
(*Powers* v. *N. Y., L. E. & W. R. R. Co.*, 98 N. Y. 274, 280.)

In cases, however, where persons are employed in the per-
formance of ordinary labor, in which no machinery is used, and
no materials furnished, the use of which requires the exercise
of great skill and care, it can scarcely be claimed that a defect-
ive instrument or tool furnished by the master, of which the
employe has full knowledge and comprehension, can be regarded
as making out a case of liability within the rule laid down.
A common laborer who uses agricultural implements while at
work upon a farm or in a garden, or one who is employed in
any service not requiring great skill and judgment and who
uses the ordinary tools employed in such work, to which he is
accustomed and in regard to which he has perfect knowledge,

can hardly be said to have a claim against his employer for negligence, if in using a utensil, which he knows to be defective, he is accidentally injured. It does not rest with the servant to say that the master has superior knowledge and has thereby imposed upon him. He fully comprehends that the instrument which he employs is not perfect, and if he is thereby injured it is by reason of his own fault and negligence. The fact that he notified the master of the defect and asked for another instrument, and the master promised to furnish the same, in such a case, does not render the master responsible if an accident occurs.

We have been referred to no adjudicated case which upholds the liability of a party under circumstances of the same character as those presented by the evidence here. A rule imposing such a liability in the case considered would be far reaching and would extend the principle stated to many of the vocations of life for which it was never intended. It is one of a just and salutary character, designed for the benefit of employes engaged in work where machinery and materials are used of which they can have but little knowledge, and not for those engaged in ordinary labor which only requires the use of implements with which they are entirely familiar. The plaintiff was of the latter class of laborers, and the work in which he was engaged was not of a character which would entitle him to the protection of the principle referred to.

Even if it may be considered that a right of action exists in this case in favor of the plaintiff, under any circumstances, we think that the evidence would not justify a recovery for the reason that the defendants did not fail in furnishing a proper ladder for the use of the plaintiff in lighting the lamps. The rule is that the master does not owe to his servants the duty to furnish the best known or conceivable appliances; he is simply required to furnish such as are reasonably safe and suitable, such as a prudent man would furnish if his own life were exposed to the danger that would result from unsuitable or unsafe appliances. (*Burke* v. *Witherbee*, 98 N. Y. 562; Shearm. & Redf. on Neg., § 92.) The defendants had procured a ladder

which ordinarily would be regarded as safe for the purpose for which it was used. The plaintiff had used it for a long time without any accident or danger, and on the very night of the accident it had been placed in position and used several times successfully. That it failed at last for any reason does not establish that it was unfit for use. It might, perhaps, have been more perfect if it had had hooks and spikes, but this improvement was not absolutely essential to relieve the defendants from liability. It was enough that it was reasonably safe and suitable within the rule cited, and under such circumstances an action will not lie.

There are other questions in the case, but in view of the conclusion arrived at their examination is not required.

The judgment should be reversed and a new trial granted, with costs to abide the event

All concur, except Ruger, Ch. J., dissenting.

Judgment reversed.