Barnard, P. J.
The point taken by the respondent that the proof fails to connect the ladder which broke and occasioned the injury with the defendant as master, ought not *25 to be considered upon the appeal. After the close of the evidence the plaintiff asked to show this fact and the application was denied. If the fact was a material one the plaintiff ought to have been permitted to prove it.
The sole question then is whether the proof shows a case of negligence against the master on the assumption that the ladder was one formed for the purposes of the employment by the master. The plaintiff was working under the orders of one Maher. Both were carpenters in the employ of defendant, and both were of a common grade working under a boss carpenter one Coghill. Coghill ordered Maher on the day before the accident (June 21, 1884) to take the plaintiff and to put up a smoke jack on the defendant’s Forty-seventh street round house, “to rig up a scaffold and put it up.” The scaffold that was there was too small and Maher in completing the work procured the ladder.
The two men used the ladder safely until the plaintiff went up with a hook to nail in the rod. While doing this one side piece of the ladder broke about three feet from the top, and the plaintiff fell about twenty-four feet and was severely injured. The ladder was properly placed and used. The ladder showed a crack at the place of fracture made by driving in the rungs too tight or else the ladder had beeii exposed to the weather and had split for that reason.
It was an old ladder, and the crack had so been filled up with dust and grease that it looked strong, but the defect could be discerned by making a careful inspection. The ladder was used four or five times by the two workmen alternately before it broke. The case does not fall within Burke v. Witherbee (98 N. Y., 562). There a hook was provided to hold cars going down an incline. The cars were good and the hook was in order, but in some way became detached as an empty car was descending. The only proposition involved was whether the master was bound to so fasten the hook as to insure it against the liability to become detached. The master was not bound to furnish the best known appliances, but only such as a prudent man would furnish if his own life was exposed to the dangers from the use of the appliances.
Neither is the case like Powers v. N. Y. L. E. and W. R. R. (98 N. Y., 274). The employee in that case used a broken hand-car, by using a crowbar in place of a broken walking-beam. This wrenched a lever so that it broke. It was held that the employee, by using the machine with knowledge of the defect, assumed all risks of injury resulting therefrom. The case does not fall within the case of Marsh v. Chickering (101 N. Y., 396). The employee in that case got a ladder himself at the order of the master. *26 He used the ladder for over six weeks safely. He asked that it be hooked and spiked, and it was proved by the superintendent that it should be so fixed.
The labor was ordinary, and no great care or skill in the work to be done, which was simply lighting lamps in front of the defendant’s building. This case was held by the court of appeals to fall within the principle, which exempted the master from furnishing the best known appliances.
The present case seems to be covered by the case of Benzing v. Steinway (101 N. Y., 541). It was there held that the master was bound to furnish ‘1 safe, sound and suitable tools, implements, appliances and machinery.” That the master cannot escape liability by delegating the duty to a subordinate: An employee was told to use a platform, and one of the boards composing it was rotten and broke, whereby he fell and was injured. The plaintiff in the present case was ignorant of the defect in the ladder. The master, by furnishing it, legally said that it was safe for the purpose designed. The defect could not be discerned except by careful inspection. The master owed the duty of making that inspection, and it was a question for the jury to pass upon whether the master was guilty of negligence in using the ladder in question for a purpose so dangerous to the employee, if it failed to support him.
The judgment should therefore be reversed, and a new trial granted, costs to abide event.
Dykman, J., concurs.