Dykman, J.
action was commenced for the recovery of damages for personal injuries.
The defendants were the proprietors of a skating floor in the city of New York used for roller skating, and there was ■a suspended gallery in the centre of the room about twelve feet above the floor. It was about fifteen feet square, surrounded by a railing about three feet high, and was for the exclusive use of the musicians- who furnished the music for the patrons of the rink while it was open and in use.
Access was gained to the gallery by the use of a ladder, which was drawn up by the musicians when not in use by them and kept on the gallery, and when it was required by "them to make a descent, it was lowered and placed in posi • tion by them for that purpose.
The lower end of the ladder when in use rested upon the main floor of the room, and the upper end rested against the "floor of the gallery, in a space made vacant in the railing by the opening of a gate therein, and when thus placed in position the upper end of the ladder projected two or three feet above the floor of the gallery.
The ladder in use at the time of the accident had been used for that purpose about two months every afternoon and evening except Sundays, and had been used during uhat time by the plaintiff for the purposes for which it was designed, and was sufficient for such purpose in point of strength and dimensions.
A short time previous to the accident the band master provided a strong leather strap with a buckle to fasten the ladder at the top when in use, and it was sufficient for that» purpose and the plaintiff had been cautioned against the danger of using the ladder unless it was fastened or held.
In the evening of the 10th day of April, 1885, after the labors of the musicians were over for the night, the plaintiff lowered the ladder to the main floor, but did not fasten the same, although the strap provided for that purpose was convenient and within his view.
When the ladder was so placed it slanted at an angle of about seventy degrees, and the plaintiff stepped from the floor of the gallery on to the ladder with his back towards the same holding the side of the same next to his right hand, and reached his left hand for his brass instrument, when the foot of the ladder slipped on the main floor and fell with the plaintiff, who thus sustained a permanent injury to his right ankle joiht.
The cause wag tried before a referee who found the plaintiff guilty of carelessness contributing to the injury, and made a report against him, and from the judgment entered upon that report the defendant has appealed.
The relations created and existing between the plaintiff *801 and the defendants brought them under the operation of several principles and rules of law which are well settled and well understood, but not always easily applied.
The duty rested upon the defendants to use proper care and prudence in the selection of the place and appliances used by the plaintiff in the discharge of the duties of his •employment, and such duty was imposed upon them by the law and implied against them by their contract, and the plaintiff had the right to shape his conduct and action in reliance upon the protection and security which a proper discharge of the legal duties and obligations of the defendants would afford.
And yet these rules are not always applicable. Because, although the legal assumption is that the master has a more comprehensive view and knowledge of the machinery and appliances to be used than his employee, yet in point of fact such assumption is frequently overcome by the facts of the case, and the character of the instruments to be used.
When, therefore, it plainly appears as it does in this case, that the servant has a full knowledge and comprehension of the instrument furnished, he cannot claim compensation for injuries resulting from its voluntary use. The ladder furnished by the defendants did not break or give way and was not defective in point of strength or dimensions. If anything was essential to the security of the persons using the same, it was spikes or sharp irons at the bottom of the sides or hooks at the top. But those were ■only necessary by way of precaution to render the ladder more secure and safe, and not to made it sufficient, and the ladder as it was made was within the full view and easy comprehension of the plaintiff. His knowledge equalled that of the defendants, and he used the ladder voluntarily in full view of its dimensions and strength, and the security it afforded.
If, therefore, the ladder was not secure when placed by the plaintiff upon the main floor at an angle of seventy •degrees, yet he so placed it and had a full knowledge of the situation and the danger which he encountered, and the resultant injury came through his own fault and neglect. He cannot claim any imposition by the defendants. They did not furnish him an inadequate utensil which he could not comprehend. He was their equal in point of knowledge of the instrument furnished, and its sufficiency for the purposes for which it was intended. The case of Marsh v. Chickering (101 N. Y., 396), seems to be ample authority, for what has been written.
The judgment should be affirmed, with costs
Barnard, P. J., and Pratt, J., concur.