Learned, P. J.
—It seems to us that this case falls within the rule laid down in Marsh v. Chickering 101 N. Y., 396). The instrument or tool furnished the plaintiff was an ordinary implement, of which he had full knowledge and comprehension. It was not a complicated piece of machinery. He suspected that it was dull and was advised by Mattice to have it sharpened; he had it sharpened and used it without troub’e for over two hours. That it then lost hold is not shown to have, been owing to dullness; since a breaking of the ice would have caused the same result. If the hook was not sharp enough the plaintiff had as good opportunity to know this as the defendant. And further it does, not appear that even with a very sharp hook the ice may not break. One witness explains that the benefit of a: sharp hook is that, you are generally sure of keeping hold of the ice.
Nor does it appear that this hook was not reasonably safe and suitable. The defendant was not bound to furnish the best known or conceivable appliances. Burke v. Witherbee, 98 N. Y., 562.
As to the neglect to put up a barrier around the ice stack. It appears sometimes that in constructing these stacks, pieces of wood are put in between every three courses or thereabouts. To these, uprights are fastened, and in the uprights boards are nailed. The principal object of this is to protect the ice from the weather. Of course, if carried above the course of ice on which the men are working, this structure forms to some extent a barrier. In the present case-this kind of structure had been commenced, but the boards were not yet above the course of ice.
This was visible to the plaintiff. He knew exactly the . peril if any there was. He was not working at a danger- *847 pus height And if there was a risk of falling he knew and assumed it. Sweeny v. Berlin and J. E. Co., 101 N. Y., 520, and cases cited at page 524. Further the plaintiff himself says that when he got so near the edge that it was dangerous, he would turn and shove the ice to its place instead of hauling it. If he had done so at this time the accident could not have happened. For in order that he should fall from the stack by the slipping of the hook or the breaking of the cake, he must have been hauling the cake and must have been near to the edge.
It seems to us then that there was no negligence shown in the defendant for which the defendant was hable; and that whatever risk the plaintiff incurred was known to him.
Judgment affirmed, with costs.
Landon and Williams, JJ., concur.