Hardin, P. J.
Plaintiff seeks to recover for the injuries sustained by him at the time the cover of the manhole in the tank tipped up, because the defendant had omitted to perform its duty to “furnish proper, perfect and adequate *652 machinery or other materials and appliances necessary for the proposed work.” Marsh v. Checkering, 101 N. Y., 399.
The same case says, “in considering the application of the rule just stated, due regard must be had to .the limited knowledge of the employee as to the machinery and structure on which he is employed, and to his capacity and intelligence, and to the fact that the servant has a right to rely upon the master to protect him from danger and injury, and in selecting the agent from which it may arise.” Powers v. N. Y., L. E. and W. R. R. Co., 98 N. Y., 274.
In the Powers case, just cited, the nonsuit was upheld because the servant had “an intelligent and clear comprehension of the nature of the risks to which he was subjected.”
There the plaintiff had full knowledge of the defect in the hand-car, and he aided in operating it by aid of a crow-bar.
In the case in hand the evidence justified the jury in finding that the plaintiff had no knowledge of the defective condition of the cover of the manhole, which became displaced.
The plaintiff was in the ordinary discharge of his duty when passing from the engine back over the tender, and across the manhole cover to reach brakes to be set to control the train, in accordance with the orders given by the engineer.
It was for the jury to say, upon all the evidence, whether the plaintiff performed his duty in a prudent, careful manner. In making a finding upon that aspect of the case, they had a right to consider the space on either side of the manhole; the amount of coal lying therein, and the fact that the cover of the manhole lay in the direct and short path taken to reach the objective point.
We do not feel called upon to disturb their finding in that regard. If he exercised “such care and caution as a person of ordinary prudence would exercise under the circumstances,” he complied with the highest exactions of the rule of law in such cases. Evans v. The City of Utica, 69 N. Y., 166; Bullock v. The City of New York, 99 id., 654.
According to the 'evidence of some of plaintiffs witnesses, “the lining” had been off of the cover some time. If the same was inspected properly by defendant, the defect was discovered, and the same continued in use after knowledge of the defect. If defendant did not have that knowledge, then it did not properly inspect. The original construction of the cover seems to have been such as to guard against its slipping out of place. The displacement of the lining left the cover inadequate. Kain v. Smith, 25 Hun, 146; Warner v. Erie R. R. Co., 39 N. Y., 468; Powers v. R. R. Co., supra.
*653 But the court left it with the jury to say whether it was negligence in the plaintiff to step upon it if he knew the lining was off the cover, and refused to charge as a mat tor •of law, that it “was negligence upon his part to step upon it under such circumstances.”
In Driscoll v. Mayor (11 Hun, 101), the plaintiff knew of the hole in the street, and she claimed her “mind was engrossed by business, and that she fell into the hole from her failure to give her attention to it, and it was held that it was for the jury to say whether she was guilty of such •contributory negligence as prevented a recovery.
In Weed v. village of Ballston Spa (76 N. Y., 333), it ■was said that “although he had knowledge of the excavation, he might not remember its exact location, or the fact may have been forgotten.” It was held that whether there was contributory negligence or not, was a question of fact for the referee.
A similar ruling was made in Laning v. The Central, 49 N. Y., 535. See Wood’s Mast, and Serv., §§ 359 and 360; Ochsenbein v. Shapley, 85 Y. Y., 324; 5 Y. Y. State Hep., 802; Pomfrey v. Village of Saratoga, 104 Y. Y., 469.
The cases of Cahill v. Hilton (106 N. Y., 512), and Marsh v. Chickering (101 N. Y., 396), differ from the one before us. In those cases the servants could not use the ladder without observing its condition. Here the cover could be used, by slipping it aside without revealing clearly and necessarily the defect of the lining.
We reach the conclusion that it was for the jury to say, .as a matter of fact, whether the plaintiff was guilty of contributory negligence.
It is claimed the verdict for $5,000 was excessive. If the plaintiff received the injuries to his penis, testacies, and scrotum, described and detailed by him and the physicians who speak upon the subject, as the jury may have found, then the j ury did not go too high in estimating the damages sustained by the plaintiff. The rule laid down and cases •cited in Minick v. City of Troy (19 Hun, 258), require us to refuse to interfere with the verdict, as we are not at liberty to say it was excessive.
It should stand.
Judgment and order affirmed with costs.
Martin, J.
I think the rule as to defendant’s duty, as laid down by the court in the charge, was erroneous. It was too broad. But as the attention of the court was not ••called to the proper qualification of the rule, it was not error to omit allusion to it. Probst v. Delamater, 100 N. Y., 267. Hence, I think, the judgment should be affirmed.