Follett, J.,
(dissenting).—For six months prior to November 1, 1883, the plaintiff had been employed as head' brakeman on defendant’s freight trains running between Buffalo and Elmira. The head brakeman rides upon the locomotive when not engaged in applying the brakes to the forward cars.
November 1,1883, plaintiff made his first trip on freight train No. 17, drawn by locomotive No. 35, which left Elmira, at 3 A. at., and reached Buffalo the same day at 2:30 p. M. In the deck of the water tank in the tender attached to locomotive No. 35, was a hole sixteen and one-half inches in diameter, surrounded by an iron cylinder extending ten inches above the deck, and closed by a cover. The cover, when in perfect order, was made of boiler iron, to the under side of which was bolted a circular piece of two-inch pine plank, the diameter of which was slightly less than the diameter.of the hole, so that when in position, the hole, or entrance to the water tank was securely closed. On the top, find in the centre of the cover was a ring, used for handling it. This hole is called the ‘£ manhole ’ ’ and through it water is taken into the tank. The cover is removed when water is taken and should be replaced when the tank is. filled. _ One of the duties of head brakeman is to supply the tank with water; in doing which he necessarily removes and replaces the cover to the manhole.
_ The plaintiff testified that the tank was filled with water eight times on this trip, and before he was injured. On some of these occasions he took the water, and on others, Campbell, the middle brakeman. He testified: “ In taking water I would lift the cover and put it on the coal beside-me; I would come up to the manhole and take the cover off and set it upon the coal and take the hydrant or one of these they pull around and put water in and take it back and put it in again. I do not know whether or not there-was any protection on the bottom of that cover. The cover never turned bottom side up while I was taking water., Campbell took water the last time before the accident, occurred.”
As the train approached East Buffalo, the engineer directed the plaintiff to apply the brakes; and in passing over the tender to reach the forward cars, he stepped upon the cover, which turned under him and he foil astride of its. upturned edge, sustaining injuries, for which he seeks compensation in this action. He claims that the circular piece-o£ plank, which formed a part of a perfect cover, was absent from this cover at this time, so that it was not securely held!, in place.
The_ negligence complained of, is to the use of this; defective cover, which is the sole ground of the action.
*655 Campbell, the middle brakeman, testified that he was -employed on this train the week before the accident and .saw that the plank forming the under part of the manhole was entirely gone, and thinks he discovered this three <or four days before the accident. He testified that: It is the duty of the employees that when there is anything out of repair to leave it at the shop when they come to the end of the route.”
Craig, who acted as head brakeman on this train for fourteen days prior to November first, testified that the plank had been gone from this cover for about a week; but that he had not reported the defect, and did not know that it was his duty to do so.
This is the only evidence, in behalf of the plaintiff, as to the length of time the cover had been out of repair.
The court charged: “The duty of every railroad company is to supply its employees with proper machinery and .in good, safe condition, that they may perform their work . without any unnecessary danger arising from that. The first question which I shall present to you is as to the negligence of this defendant in having failed to furnish, as is claimed by the plaintiff, a suitable cover to this man-hole. The company was bound to furnish one, a suitable one, -one by its construction and in its condition, which was not a subject of any external danger in its use.” To these instructions the defendant excepted.
It was not claimed that the cover was defective in design or construction; but that defendant was negligent in permitting its "use while out of repair. The defendant insisted that if Oraig and Campbell testified to the truth, that the injury was caused by their (plaintiff’s co-employees), neglect to report the defect. The rule as to defendant’s duty was not correctly stated by the learned trial judge.
It is the duty of the master to exercise reasonable care to furnish suitable implements and to keep them in repair; but the master is not bound to keep them in repair. Probst v. Delamater 100 N. Y., 266.
In this case the instructions excepted to were particularly dangerous to the defendant, because, if there was sufficient evidence of negligence on the part of the defend.ant to raise a question of fact for the jury, the jury should have been instructed to inquire whether, under the facts proved, the defendant was negligent in using this cover in this condition, or whether the only neglect was that Craig and Campbell failed to report the cover to the engineer of the locomotive, or to some person having authority to remedy the defect.
The brakemen were required to remove and replace this cover every time the tank was supplied with water; and *656 the plaintiff testified that he did not discover the defect on this trip, yet the jury found him free from negligence in not making the discovery, and found the defendant guilty of negligence in not having discovered this defect, which had existed about a week, but had not been reported by its. employees (plaintiff’s co-employees), whose duty it was to-report it. There is no evidence that these employees were-unfit for their duties.
It should be borne in mind that the cover was not a complex piece of machinery, but it was so simple in its construction and use that anyone having occasion to use it could readily understand whether it was in or out of repair. This cover was not designed for brakemen to walk upon, and there was no sudden exigency which excused such use, of it.
_ I think, upon the whole case, the plaintiff was not entitled to recover, and that the court erred in not granting a. rion-suit. Marsh v. Chickering, 101 N. Y., 396; Cahill v. Hilton, 106 id., 512; 11 N. Y. State Rep., 26; Thorn v. N. Y. City Ice Co., 11 N. Y. State Rep., 845.
The judgment should be reversed and a new trial granted, with costs to abide the event.