WILLIAMS, J.
The complaint hardly alleges as ground of negligence the failure of defendant to comply with any statutory duty imposed upon him to provide a roof or cover for the elevator as directed by the inspector of buildings. But, even if the pleading was sufficient to enable him to litigate that question, still the evidence, taken altogether was insufficient to support a re *710 covery upon such a theory. The plaintiff knew there was no such roof or cover to the elevator, and continuing in defendant’s employ, and using the elevator with such knowledge, he assumed the risks incident to the use of the elevator as it was, and waived the performance of the duty by the defendant to furnish such appliance, whether required by the statute or inspector of buildings or not. Freeman v. Mill Co., 70 Hun, 531; 53 St. Rep. 786; affirmed, without opinion, 142 N. Y. 639; Knisley v. Pratt, 75 Hun, 323; 58 St. Rep. 213; reversed, 148 N. Y. 372. These cases effectually dispose of several decisions of general terms in the state to the effect that an employe could not be held to have assumed the risks incident to the use of defective appliances, where the employer had failed to comply with provisions of the statute, but where the actual condition of the appliances was known to the employe. See, also, Marsh v. Chickering, 101 N. Y. 396. There could, therefore, be no recovery here for the negligence of the defendant in failing to put the roof or cover over the elevator. This defect was obvious, and was well known to the plaintiff, and he voluntarily assumed the risks incident to the use of the elevator without this appliance.
The only question remaining is whether, under the evidence, the jury could properly have found negligence on the part of the defendant which caused the accident with reference’ to the construction or condition of the lower door of the hathway or scuttle in the roof, and the ladder leading to it from the upper floor. The only defects that could be complained of were in the manner ■of fastening the doors, and greasy and slippery condition of the ladder. It is doubtful if these defects could be said to have been the proximate cause of the accident. The defendant suggested that the proximate cause of the accident was the carelessness and negligence of McDowell, the co-employe of the plaintiff, and therefore no recovery could be had. We think this is hardly an answer to the plaintiff’s theory of negligence. Even if it was found that McDowell was negligent, still the question would remain whether the accident would have occurred but for the negligence of the defendant himself, as to the construction and condition of the door and ladder. If it would not, then the defendant would be liable, notwithstanding the negligence of McDowell» may also have contributed to the accident. This question would, have been one of fact for the jury. The appliance for fastening the door, and greasy and slippery condition of the-ladder, might well have been found by the jury to be defective and dangerous, and, if the accident had resulted directly from such defective condition, they might' have been found to have been 'the proximate cause of the accident. It is said the direct result of these defects was the dropping by McDowell of the oaken mallet. The mallet dropped upon the floor below, and, bounding, happened to go down the elevator shaft. If it had bounded in any other direction, or the trapdoor in the upper floor in the elevator: shaft had been closed, or there had been a cover or roof over the. elevator, no injury would have resulted to the plaintiff. It is doubtful, under these circumstances, if it could properly be saidj *711 ■that these defects were so directly connected with, the accident that they were the proximate cause, thereof. It seems to us, however, ■that it must be said these defects were obvious, and were known to the plaintiff to exist, and that, under the rule hereinbefore referred to, he must, be held to have assumed the risks incident to the use of the door and ladder as they were. They were open to ■observation; and the position of the plaintiff, his employment, and the duties performed by him after the occupation of the building, were such as would, fully apprise him of the condition of the door • and ladder as they actually existed. We are of the opinion, therefore, upon the whole case that the complaint was properly dismissed by the trial court, and that the judgment should be affirmed, with costs. '•
All concur.