### Illinois Central Railroad Co. v. Levi North.

1. MASTER AND SERVANT—*Promises of Needed Repairs.*—When a master, on being notified by his servant of defects that render the service in which such servant is engaged more hazardous, promises to make the needed repairs, the servant may continue in the employment a reasonable time to permit the performance of the promise, without being guilty of negligence, unless where the danger is so imminent that no prudent person would undertake to perform the service.

2. SAME—*What is a Reasonable Time for Furnishing Repairs After Notice.*—What is a reasonable time for furnishing promised repairs after notice, is a question of fact for the determination of a jury.

3. SAME—*Servant's Right to Rely upon Promises to Repair.*—A servant has the right to rely, for a reasonable time, upon the promise of his master that defects in the machinery, appliances or other surroundings connected with his work will be repaired and the machinery made safe, and to expect that promises so made will be fulfilled.

4. INSTRUCTIONS—*In Actions for Personal Injuries—Modification.*—In an action for personal injuries, it is error to instruct the jury that if they believe from the evidence that the defect in the appliances in question was known to the plaintiff, and the danger of the use of it in its defective condition was also known to him, and that his knowledge of such defects was equal to the knowledge of the foreman under whom he worked, their verdict should be for the defendant, without modifying it in substance, by inserting, if a reasonably careful and prudent man would not have used the appliance in question under the same or similar circumstances.

**Trespass on the Case,** for personal injuries. Appeal from the Circuit Court of St. Clair County; the Hon. MARTIN W. SCHAEFER, Judge, presiding. Heard in this court at the February term, 1901. Affirmed. Opinion filed September 4, 1901.

**Statement.**—This is an action on the case, brought by appellee, to recover for alleged injuries sustained by him on

November 21, 1899, while in appellant's employ as a section hand.

Appellee and three other section men were engaged in raising a heavy switch track for the purpose of removing old ties and replacing them with new ones. To do the work these men had a Barrett track jack, and when injured, North, the appellee, was using a piece of gas pipe about three feet long, as a lever. He had inserted this pipe into the socket of the jack, and while lifting, with his shoulder under the lever, the pipe broke and slipped out of the socket, thereby causing appellee to fall forward, striking his side on the track jack, thereby fracturing a rib, for which injury this suit was brought, resulting in a verdict and judgment in favor of appellee for $995, from which judgment this appeal is prosecuted.

The evidence shows that there were iron pinch bars about four and one-half feet long, which could have been used in place of the gas pipe. It is also in evidence that when a Barrett track jack is furnished from the factory, a wooden lever is sent out with it. This wooden lever fits the socket snugly and is therefore not liable to slip out. Appellee knew that the gas pipe was defective, but he bases his case on the theory that when he pointed out the defects in the pipe, his foreman, Ed. Wilson, told him to use it, and promised to furnish him a wooden lever; that therefore he had a right to use it as he did, and did not assume the risk of injury which he otherwise would have assumed on account of his knowledge of its condition.

Appellee claims, and there is evidence tending to support his claim, that the iron pinch bars were unsafe to be used. The socket was about three and one-half inches in diameter at its mouth, and about one inch at the bottom, and seven and one-half to eight inches deep, tapering in this way from mouth to bottom. The bars were beveled at the lower end, the bevels extending on both sides from four and one-half to five and one-half inches, and, being smaller than the socket, it is claimed that they were liable to slip out, and were therefore dangerous. This is denied by witnesses for appel-

lant, who testify that for heavy work in track lifting, they were better than wooden levers.  Appellee, until about a month before the accident, had been in the employ of appellant as foreman of a section gang, but after that time, worked as one of the gang under Ed. Wilson, its foreman. There is testimony tending to show that he and Bishop, another member of the gang, two or three mornings before and on the morning of the accident, complained to the foreman that the gas pipe used in the jack was unsafe, and that he promised to have it replaced by a wooden lever, such as was provided for these Barrett jacks.

GUSTAVUS A. KOERNER and VICTOR K. KOERNER, attorneys for appellant; JOHN G. DRENNAN, of counsel.

WEBB & WEBB, attorneys for appellee.

MR. JUSTICE WORTHINGTON delivered the opinion of the court.

The statement of the case presents the basis upon which appellee's claim rests, and also the defense to the claim by appellant.  It was the duty of appellant to furnish reasonably safe appliances for the use of its servants.  In this case it was a duty easy to perform.  It is not denied that these Barrett jacks came from the factory with wooden levers designed to be used with them.  If appellee and Bishop tell the truth, it was such a lever that they asked for, and their foreman promised to furnish.  Appellee testifies as abstracted :

" We made complaint to the foreman about that lever, and requested a competent lever.  This was too small in diameter; too much lost motion in it.  We called attention to its condition otherwise; we told him we should have a wooden lever; we told him as a reason that this had too much motion and it was bending and splitting.  He said ' Damn it, use that; that is the only one we've got.'  He said he had sent for wooden levers and when we got them we would use them.  A wooden lever is about two and a half feet long and fits the socket; have used them in railroad work for the company.  The foreman said he would get them as soon as he could."

Bishop, a fellow-workman with appellee, corroborates his testimony. While there is a conflict in the evidence upon these matters testified to by appellee and Bishop, the jurors heard them and evidently believed them. It is not for this court, then, to say that they testified falsely, and the case must be decided upon the assumption that their evidence is substantially true. If true, appellant, the master, was notified by appellee, the servant, that the lever furnished was unsafe, and was told to use it until another lever, which had been sent for, could be procured.

The rule in such cases is that when the master, on being notified by the servant of defects that render the service in which he is engaged more hazardous, promises to make the needed repairs, the servant may continue a reasonable time to permit the performance of the promise without being guilty of negligence, unless where the danger is so imminent that no prudent person would undertake to perform the service. Missouri Furnace Co. v. Abend, 107 Ill. 51; Anderson Press Brick Co. v. Sobkowiak, 148 Ill. 573.

What was a reasonable time for furnishing a safer lever was a question of fact for the jury to determine, as was also the question as to whether the danger in using the gas pipe was so imminent that a prudent person would not have used it. The finding of a jury upon these issues was against appellant, and there is evidence to sustain the finding. Counsel for appellant insist that the rule of non-assumption of additional risk, arising from a promise to repair or replace, has no application to a case like this. They insist that it applies only to cases where, from the nature of the work to be done, or the intricacy of the machinery, it can be said that the foreman is better able to judge as to whether the defective tool or dangerous machinery can be used with reasonable safety until repairs can be made. Marsh v. Chickering, 101 N. Y. 396, and Corcoran v. Milwaukee Gas Co., 81 Wis. 191, give some support to this doctrine. In the New York case, Ruger, J., dissents. But these cases are not entirely on all fours with the case at bar In each of them the negligence charged was in furnishing an unsafe

ladder. The use of a lifting jack operated by leverage is, in some degree, the use of a machine. We are aware of no Illinois decisions that sustain the doctrine of appellant. McArthur v. Trout, 88 Ill. App. 607, is not in point. In these times, when hundreds of thousands are employed in mills and factories and railroads, with no choice of the machinery or tools they are to use, the duty of the employer to furnish reasonably safe appliances should not be relaxed. The rule laid down in Illinois Steel Co. v. Mann, 170 Ill. 200, is a just and humane rule. It is there said :

"He, the servant, has a right to rely for a reasonable time upon the promise of the master that such defect in the machinery, appliances or other surroundings connected with his work, will be repaired, and the machinery made safe, and the right to expect that such promise, so made, will be fulfilled."

Counsel for appellant urge that the court erred in modifying an instruction asked by them. The modification is shown in the italicized words in the following instruction :

"The court instructs the jury that if they believe from the evidence that the defect in the gas pipe was known to the plaintiff, and the dangers of its use in its defective condition was also known to the plaintiff, and that the knowledge of the plaintiff on the points above mentioned was equal or superior to the knowledge of the foreman on the same subjects, *and you believe from the evidence that a reasonably careful and prudent man would not have used said gas pipe, under the same or similar circumstances,* then you are instructed that the plaintiff can not recover, and they must find for the defendant, and in that case it makes no difference whether a promise to furnish a wooden lever was made or not."

There was no error in thus modifying the instruction. In the view we take of the case, it would have been error to have given the instruction without this modification. Judgment affirmed.