JOHN E. HALL, Respondent, *v.* UNITED STATES CANNING COMPANY, Appellant.

*Negligence — injury to an employee while standing upon a ladder which slipped because of his foreman's failure to continue to hold it in place — assumption of risk — fellow-servant.*

In an action brought to recover damages for personal injuries, it appeared that the plaintiff operated a capping machine in the defendant's canning factory and was perfectly familiar with the factory and with the machinery therein; that on the day of the accident one Reese, a foreman, who, in the absence of the superintendent, discharged the latter's duties, requested the plaintiff to aid

in replacing a belt which had slipped off a pulley; that thereupon the plaintiff procured an ordinary step ladder and went upon it for the purpose of replacing the belt; that for a time Reese held the foot of the ladder, but that, before the plaintiff had descended therefrom, Reese let go of the ladder, which slipped, causing the plaintiff's arm to be caught between the belt and the pulley.

The plaintiff had used the ladder on several occasions for the purpose of replacing belts, knew of its defects, if any, the manner in which it had been repaired and had used it after such repairs had been made without inconvenience or accident.

*Held,* that even if the jury found that the ladder was defective, and that such defect caused or contributed to the injury, the plaintiff, having used the ladder with full knowledge of its defects, could not recover;

That, if the accident happened because Reese neglected to continue to hold the ladder in place, such act was the negligence of a co-servant for which the defendant was not liable.

APPEAL by the defendant, the United States Canning Company, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Oneida on the 18th day of March, 1902, upon the verdict of a jury for $4,000, and also from an order entered in said clerk's office on the 19th day of March, 1902, denying the defendant's motion for a new trial made upon the minutes.

*William Kernan,* for the appellant.

*Howard C. Wiggins,* for the respondent.

McLENNAN, J.:

This action was commenced on the 12th day of December, 1901, to recover damages for injuries sustained by the plaintiff resulting from an accident which occurred on the 16th day of July, 1901, alleged to have been caused through the negligence of the defendant.

At all the times in question the defendant, a domestic corporation, was engaged in operating a canning factory in the city of Rome, N. Y. One Stratton was superintendent and had general charge of defendant's business at that factory. He hired and discharged employees and performed all other duties incident to his position. In case of his absence from the factory one Reese, who was foreman, discharged the duties of superintendent. The plaintiff at the time of the accident was in defendant's employ, engaged

in operating a capping machine, the purpose of which was to solder on the tops of cans, and had been thus engaged from the latter part of May previous.   He had been in the defendant's employ for two or three seasons previous ; was fully acquainted with the factory, its operation, and the machines and tools in use.   The various machines in the factory were operated by connecting them with belts extending to pulleys on a revolving shaft suspended from the ceiling, and about ten feet from the floor on which the machines rested.

On the day of the accident the belt extending from one of the machines slipped off from the pulley onto the shaft, and Reese, the foreman, called to the plaintiff, who was engaged about his capping machine several feet distant, to aid in replacing the belt.   The plaintiff readily complied with Reese's request, got an ordinary step ladder which he had used upon several occasions for the same purpose ; placed it under the pulley and got upon it so that he could reach the belt, Reese holding the foot of the ladder in place.   While the plaintiff was thus engaged, and upon the upper steps of the ladder, Reese let go of it ; the ladder slipped and the plaintiff was thrown against the belt which he had just placed upon the pulley; his arm was caught between the belt and pulley, and in such manner that it was fractured at the elbow, and he sustained the injuries complained of.

The plaintiff had large experience in the operation of canning factory machinery ; he had worked for the defendant three seasons, and for four seasons previous in similar factories, and was familiar with the manner in which the machinery in those factories was operated.   It also appears from his evidence that he knew all about the ladder in question ; had used it on several occasions for the purpose of replacing belts; knew of its defects, if any ; the manner in which it had been repaired, and had used it after such repairs had been made without inconvenience or accident.   In fact, it is not claimed that the accident was caused by any defect in the ladder, but solely because Reese, the foreman, ceased to hold it while the plaintiff was upon it, and thus permitted it to slip.   That was the theory upon which the question of defendant's negligence was submitted to the jury by the learned trial court.   The court said : " If you find that the foreman held that ladder so that it would be safe

for the plaintiff to get upon and to render his service, and that while he was rendering the service the foreman went away from it, and it was that going away and through that fault or neglect which was the direct cause of this injury to the plaintiff, then on that question you will find that the defendant in this case was negligent, and it was a fault or negligent act which would make the defendant liable in this case for damages, if the plaintiff discharged his duty to the defendant in that regard."

We think upon the facts disclosed by the evidence in this case that the plaintiff failed to establish a cause of action against the defendant. Even if, upon the evidence, the jury might have found that the ladder was defective, and that such defect caused or contributed to the injury, still we think the plaintiff was not entitled to recover.

In the case of *Marsh* v. *Chickering* (101 N. Y. 396) the plaintiff was injured by the slipping of a ladder which he was using in lighting lamps for the defendant, and it was claimed that the ladder was defective because it was not provided with hooks and spikes. In the head note in that case it is said : " *It seems* that where a servant employed in the performance of ordinary labor, in which no machinery is used or materials furnished requiring great skill and care, is injured by a defective instrument or tool furnished by the master, of the defects in which the servant has full knowledge and comprehension, he cannot hold the master responsible."

As we have seen, the tool being used by the plaintiff in this case was precisely the same as was used by the plaintiff in the *Marsh* case, and he knew all about its condition and manner of use from actual experience.

If the accident was occasioned because Reese neglected to continue to hold the ladder in place, such act was the negligence of a co-servant, for which the defendant is not liable. The fact that Reese was foreman, or even that he was temporarily acting as superintendent, and occupied a position in the factory of a higher grade than the plaintiff, is immaterial. The act which he was performing in holding the ladder and assisting the plaintiff in replacing the belt was the act of a co-servant, for which the defendant is not liable. (*Cullen* v. *Norton*, 126 N. Y. 1; *Manning* v. *Genesee River Steamboat Co.*, 66 App. Div. 315.)

The defendant in this case had discharged its full duty to the plaintiff. It provided a safe place for him in which to perform his work. It furnished safe and suitable tools and machinery, and it also provided a competent and experienced foreman and placed him in charge of the work. In the *Cullen Case* (*supra*) plaintiff's intestate was engaged in drilling rock for blasting purposes under the direction of defendant's foreman. After the blast it was found that the charge in one of the holes had not exploded. The foreman examined it and found the fuse unconsumed, but failed to remove it, and set plaintiff's intestate drilling at a place nearby. The fuse caught fire, the charge in the hole exploded, and plaintiff's intestate was killed. In that case it was held that, assuming the foreman to have been negligent, his negligence was that of a fellow-servant, for which the master was not liable.

If the master was not liable in the *Cullen Case* (*supra*), it cannot be that the defendant is liable because its foreman directed an employee to go upon a ladder which was liable to slip if not held in place, or because such foreman neglected to hold the ladder.

Having reached the conclusion that the plaintiff failed to establish a cause of action upon the merits, it is unnecessary to consider the numerous exceptions presented by this appeal.

It follows that the judgment and order appealed from should be reversed and a new trial granted, with costs to the appellant to abide event.

SPRING, WILLIAMS, HISCOCK and DAVY, JJ., concurred.

Judgment and order reversed and new trial ordered, with costs to the appellant to abide the event, upon questions of law only, the facts having been examined and no error found therein.