of adverse title can only be litigated between such persons as the Code of Civil Procedure provides must or may be made parties thereto, and that persons merely claiming the whole title adversely to the cotenants are not necessary or proper parties, and they cannot be compelled to litigate their titles in the action for partition.

The judgment appealed from should be affirmed, with costs. All concur, except McLENNAN, J., who dissents, on authority of Weston v. Stoddard and Drake v. Drake, above.

---

## MANNING v. GENESEE RIVER & L. O. STEAMBOAT CO.

(Supreme Court, Appellate Division, Fourth Department.    November 12, 1901.)

INJURY TO SERVANT—NEGLIGENCE OF FELLOW SERVANT.

> Plaintiff was fireman on defendant's steamboat, and while at work the water gauge became cracked. On discovering it, the engineer directed plaintiff to turn the valves and shut off the water, and while doing so plaintiff was injured by the explosion of the gauge. The glass was not apparently defective, and it was shown that gauges were liable to break at any time, in which case the engineer made repairs by taking out the broken glass and substituting a new one, a supply being kept on hand for the purpose. *Held,* that the duty of making repairs of such character was not one which devolved on the master, so as to make the engineer defendant's representative in making the same, but was one of the ordinary duties of the engineer as a servant, and that his negligence in directing plaintiff to shut off the water without warning him of the danger was that of a coservant, for which defendant was not responsible.

Appeal from trial term, Munroe county.

Action by William W. Manning, by his guardian, against the Genesee River & Lake Ontario Steamboat Company. Appeal by defendant from the judgment, and from an order denying a motion for a new trial upon the minutes. Reversed.

Argued before ADAMS, P. J., and McLENNAN, SPRING, WILLIAMS, and HISCOCK, JJ.

W. F. Osborn, for appellant.
Reed & Shutt, for respondent.

WILLIAMS, J. The judgment and order appealed from should be reversed, and a new trial ordered. The action was brought to recover damages for injuries to the plaintiff alleged to have been caused by the negligence of the defendant. The plaintiff was fireman upon one of defendant's steamboats, and was injured by the explosion of the water glass or gauge attached to the boiler of the boat. The glass or gauge cracked. The engineer discovered the crack, and that the steam was escaping therefrom, and thereupon directed the plaintiff to turn the valves and shut off the water. The plaintiff followed the engineer's directions, and while he was turning the lower valve the glass or gauge exploded, and some particles of glass flew in plaintiff's eye, and caused the injuries complained of. The engine, boiler, and water glass or gauge were not shown to have been defective in any way prior to the immediate time of the occur-

rence of the accident. The defect in the glass or gauge, if any, was not apparent until it cracked, just before the explosion. The negligence of the defendant, which was made the basis of the recovery in the case, was the direction given by the engineer to the plaintiff to turn the valves and shut the water off from the glass or gauge, and the failure to inform him of the danger in following such directions. The jury were instructed that the engineer stood in the place of the defendant, and that his negligence was the negligence of the defendant. An examination of the body of the charge, and of the remarks of the court in response to requests to charge, and to exceptions to the charge as made, clearly indicates that the theory upon which the case was submitted to the jury, and the controlling consideration, was that the engineer represented the defendant, and that his negligence was the negligence of the defendant. The court was in error in taking this view of the case, and in submitting it to the jury upon this theory. The steamboat was not in charge of the engineer, but of the plaintiff's father, as master. The engineer and plaintiff, as fireman, were under the general direction of the master. The engineer had sole charge of the engine, boiler, and motive power, with the duty of making any necessary repairs thereon. The plaintiff, as fireman, was under the immediate direction of the engineer, who had power to discharge him for disobedience of orders. There was no reason for saying that in any general sense the engineer stood in the place of and represented the defendant in the control of the steamboat. He was a coemployé, merely, with the plaintiff. The court seems to have confounded this case with the cases where the duty to repair machinery is imposed upon the master, and in which it is held that this duty cannot be delegated to a servant, so as to relieve the master from liability. The neglect of the servant would be the negligence of the master. This is the general rule, but it does not apply to such defects in machinery as may arise in the daily use thereof, and which are not of a permanent character, and which do not require the help of skilled machinists to repair, but may be, and are usually, remedied by the workmen, the materials being supplied by the master. Cregan v. Marston, 126 N. Y. 568, 27 N. E. 952, 22 Am. St. Rep. 854, and cases therein cited. This case and the cases cited illustrate the exceptions to the general rule above referred to, and show the case we are considering falls within these exceptions. The glass or gauge was readily removed when it became defective, and a new one put in its place, by turning the valves at either end, thus shutting off the water, and then taking out the defective glass and putting in a new one, a supply of which are kept on hand. Any ordinary laborer could do this. A skilled mechanic was not needed. The glasses were liable to crack and break at any time. It was clearly the duty of the engineer to make the change here, in his capacity as a servant, and in doing it he was not representing the defendant, but was acting as a co-servant of plaintiff. Even if, upon notice to the defendant, the duty to repair might be imposed upon it, and a failure to perform this duty within a reasonable time would be negligence, still no such notice or reasonable time was present here. The explosion occurred

almost immediately after the defect in the glass appeared. The negligence here, if any, of the engineer, was the negligence of a co-employé of the plaintiff, and for such negligence no recovery could be had.

For the error hereinbefore pointed out, the judgment and order appealed from must be reversed, and a new trial ordered, with costs to the appellant to abide event. All concur.