## HALL v. UNITED STATES CANNING CO.

(Supreme Court, Appellate Division, Fourth Department.   November 18, 1902.)·

1. MASTER AND SERVANT—DEFECTIVE APPLIANCES—MASTER'S LIABILITY.
   A master is not liable for injuries sustained by a servant by reason of the slipping of a ladder he was using, where he knew all about its condition and manner of use from actual experience, though it was in fact defective.

2. SAME—NEGLIGENCE OF FELLOW SERVANT.
   A master is not liable for injuries sustained by a servant by reason of the slipping of a ladder he was using while engaged in replacing a belt at the express direction of defendant's foreman, because of the latter's neglect in not properly holding the foot of the ladder in place.

¶ 1. See Master and Servant, vol. 34, Cent. Dig. § 584.                    ○

Appeal from trial term, Oneida county.

Action by John E. Hall against the United States Canning Company. From a judgment for plaintiff, and from an order denying a motion for a new trial made on the minutes, defendant appeals. Reversed.

Argued before McLENNAN, SPRING, WILLIAMS, HISCOCK, and DAVY, JJ.

William Kernan, for appellant.

Howard C. Wiggins, for respondent.

McLENNAN, J. This action was commenced on the 12th day of December, 1901, to recover damages for injuries sustained by the plaintiff, resulting from an accident which occurred on the 16th day of July, 1901, alleged to have been caused through the negligence of the defendant. At all the times in question the defendant, a domestic corporation, was engaged in operating a canning factory in the city of Rome, N. Y. One Stratton was superintendent and had general charge of defendant's business at that factory. He hired and discharged employés, and performed all other duties incident to his position. In case of his absence from the factory, one Reese, who was foreman, discharged the duties of superintendent. The plaintiff at the time of the accident was in defendant's employ, engaged in operating a capping machine, the purpose of which was to solder on the tops of cans, and had been thus engaged from the latter part of May previous. He had been in the defendant's employ for two or three seasons previous; was fully acquainted with the factory, its operation, and the machines and tools in use. The various machines in the factory were operated by connecting them with belts extending to pulleys on a revolving shaft suspended from the ceiling, and about 10 feet from the floor on which the machines rested. On the day of the accident the belt extending from one of the machines slipped off from the pulley onto the shaft, and Reese, the foreman, called to the plaintiff, who was engaged about his capping machine, several feet distant, to aid in replacing the belt. The plaintiff readily complied with Reese's request, got an ordinary stepladder, which he had used upon several occasions for the same purpose, placed it under the pulley, and got upon it so that he could reach the belt; Reese holding the foot of the ladder in place. While the plaintiff was thus engaged, and upon the upper steps of the ladder, Reese let go of it. The ladder slipped, and the plaintiff was thrown against the belt which he had just placed upon the pulley; his arm was caught between the belt and pulley, and in such manner that it was fractured at the elbow; and he sustained the injuries complained of.

The plaintiff had large experience in the operation of canning-factory machinery. He had worked for the defendant three seasons, and for four seasons previous in similar factories, and was familiar with the manner in which the machinery in those factories was operated. It also appears from his evidence that he knew all about the ladder in question; had used it on several occasions for the purpose of replacing belts; knew of its defects, if any, and the manner in which it had been repaired; and had used it after such repairs had

been made, without inconvenience or accident. In fact, it is not claimed that the accident was caused by any defect in the ladder, but solely because Reese, the foreman, ceased to hold it while the plaintiff was upon it, and thus permitted it to slip. That was the theory upon which the question of defendant's negligence was submitted to the jury by the learned trial court. The court said:

"If you find that the foreman held that ladder so that it would be safe for the plaintiff to get upon and to render his service, and that while he was rendering the service the foreman went away from it, and it was that going away, and through that fault or neglect, which was the direct cause of this injury to the plaintiff, then on that question you will find that the defendant in this case was negligent, and it was a fault or negligent act which would make the defendant liable in this case for damages, if the plaintiff discharged his duty to the defendant in that regard."

We think, upon the facts disclosed by the evidence in this case, that the plaintiff failed to establish a cause of action against the defendant. Even if, upon the evidence, the jury might have found that the ladder was defective, and that such defect caused or contributed to the injury, still we think the plaintiff was not entitled to recover. In the case of Marsh v. Chickering, 101 N. Y. 396, 5 N. E. 56, the plaintiff was injured by the slipping of a ladder which he was using in lighting lamps for the defendant, and it was claimed that the ladder was defective because it was not provided with hooks and spikes. In the headnote in that case it is said:

"It seems that where a servant, employed in the performance of ordinary labor, in which no machinery is used or materials furnished requiring great skill and care, is injured by a defective instrument or tool furnished by the master, of the defects in which the servant has full knowledge and comprehension, he cannot hold the master responsible."

As we have seen, the tool being used by the plaintiff in this case was precisely the same as was used by the plaintiff in the Marsh Case, and he knew all about its condition and manner of use from actual experience.

If the accident was occasioned because Reese neglected to continue to hold the ladder in place, such act was the negligence of a co-servant, for which the defendant is not liable. The fact that Reese was foreman, or even that he was temporarily acting as superintendent, and occupied a position in the factory of a higher grade than the plaintiff, is immaterial. The act which he was performing in holding the ladder, and assisting the plaintiff in replacing the belt, was the act of a co-servant, for which the defendant is not liable. Cullen v. Norton, 126 N. Y. 1, 26 N. E. 905; Manning v. Steamboat Co., 66 App. Div. 315, 72 N. Y. Supp. 677.

The defendant in this case had discharged its full duty to the plaintiff. It provided a safe place for him in which to perform his work. It furnished safe and suitable tools and machinery, and it also provided a competent and experienced foreman, and placed him in charge of the work. In the Cullen Case, supra, plaintiff's intestate was engaged in drilling rock for blasting purposes under the direction of defendant's foreman. After the blast it was found that the charge in one of the holes had not exploded. The foreman examined it, and found the fuse unconsumed, but failed to remove it, and set

plaintiff's intestate drilling at a place nearby. The fuse caught fire,. the charge in the hole exploded, and plaintiff's intestate was killed. In that case it was held that, assuming the foreman to have been negligent, his negligence was that of a fellow servant, for which the master was not liable. If the master was not liable in the Cullen Case, supra, it cannot be that the defendant is liable because its foreman directed an employé to go upon a ladder which was liable to slip if not held in place, or because such foreman neglected to hold the ladder.

Having reached the conclusion that the plaintiff failed to establish a cause of action upon the merits, it is unnecessary to consider the numerous exceptions presented by this appeal. It follows that the judgment and order appealed from should be reversed, and a new trial granted, with costs to the appellant to abide event.

Judgment and order reversed, and new trial ordered, with costs to the appellant to abide event, upon questions of law only; the facts. having been examined, and no error found therein. All concur.