ROBERT J. SMITH, Respondent, *v.* LIDGERWOOD MANUFACTURING COMPANY, Appellant.

*Duty of the master to adopt rules to afford protection to employees from iron chippings — when the employee does not assume the risk.*

In an action to recover for personal injuries sustained by an employee in the machine shop of the defendant, by being struck in the eye by a piece of iron chipped off from an engine frame by a fellow-workman, who was at work at a distance of between nine and twelve feet, the plaintiff must establish not only that the business of the defendant was complex enough to call for the establishment and enforcement of proper rules, to prevent such an accident, but that it was practicable to adopt rules which, if obeyed, would have afforded protection to the employees in the premises.

The defendant's failure to adopt a rule requiring the use of screens when iron was being chipped in proximity to other employees, constitutes negligence, where evidence is given that such screens were improvised by the workmen, and were customarily employed in other machine shops, and it is manifest that the employees are in their absence exposed to injury.

The plaintiff will not to be held to have assumed the risks incident to the failure of the defendant to adopt such a rule, where it appears that such chipping as had been done in the machine shop to his knowledge, up to the time of the accident, had been done in such a way as not to throw the chips towards him, and hence that nothing had occurred to call his attention to the fact that there was no rule or custom of the establishment calling for the use of screens when chipping was done.

*It seems,* that if, in such a case, the plaintiff knows that dangerous chipping, of
  the kind in question, has been going on in his vicinity for some time, and sees
  that no screens are put up, and, notwithstanding, continues his work without
  any complaint, or any request for screens, he will be assumed to have accepted
  the risk of injury therefrom.

HIRSCHBERG, J., dissented.

APPEAL by the defendant, the Lidgerwood Manufacturing Com-
pany, from a judgment of the Supreme Court in favor of the plain-
tiff, entered in the office of the clerk of the county of Kings on the
26th day of April, 1900, upon the verdict of a jury for $5,000, and
also from an order entered in said clerk's office on the 26th day of
April, 1900, denying the defendant's motion for a new trial made
upon the minutes.

*James D. Fessenden,* for the appellant.

*George G. Reynolds,* for the respondent.

WILLARD BARTLETT, J.:

"If a master is engaged in a complex business that requires defi-
nite regulations for the safety and protection of his employees, a
failure to adopt proper rules, as well as laxity in their enforcement,
is negligence *per se,* and the establishment of defective or improper
rules is such negligence as renders the master responsible for all
injuries resulting therefrom." (Wood Mast. & Serv. [2d ed.]
§ 403.)

The rule thus stated by Mr. Wood was approved by the Court of
Appeals in *Morgan* v. *Hudson River Ore & Iron Co.* (133 N. Y.
666), and is to be regarded as correctly laying down the law of this
State on the subject.

The plaintiff in the present action, while employed in the machine
shop of the defendant, at work upon a lathe, was struck in the eye
by a piece of iron which was chipped off an engine frame by a fel-
low-laborer who was at work at a distance of between nine and
twelve feet from him. The principal contention in his behalf upon
the trial was that the defendant corporation was negligent in failing
to establish and enforce proper rules, which would have prevented
such an accident. The testimony, when considered with the picture
of the interior of the machine shop, which is contained in the appeal

book, amply sufficed to show that the business of the defendant was complex enough to call for the application of the doctrine invoked by the plaintiff. It was necessary for him to go further, however, and show that it was practicable to adopt a rule which, if obeyed, would afford proper protection to the servants of the defendant. Thus, in *Larow* v. *N. Y., L. E. & W. R. R. Co.* (61 Hun, 11), Mr. Justice MARTIN said: "I am of the opinion that before a railroad company can be found guilty of negligence in not making and promulgating any certain rule, it must at least be shown that the rule is practicable, proper and, if observed, would give reasonable protection to its employees." This is equally true of any other corporation conducting a business of complexity through the agency of numerous employees assembled together. The rule which was suggested as proper in behalf of the plaintiff was a requirement that screens should be used to prevent the chips from flying, where the chipping of iron was carried on in a machine shop near other operatives employed there. There was proof that such screens were improvised by the workmen and customarily employed in machine shops other than that of the defendant; and it was manifest that such a precaution would generally be efficacious to prevent such an accident as that which cost the plaintiff the sight of one of his eyes. No requirement on the subject of screens or other protective measure against the danger arising from chipping was to be found among the printed shop rules and regulations of the defendant corporation, nor does it appear that there was any oral rule or regulation in respect to the dangers to be apprehended from chipping. Nevertheless the fact that persons employed in the machine shop were frequently exposed to injury from this source must have been evident to the managers of the defendant's business. This is apparent from the testimony of Abram Cavanagh, a machinist in the employ of the defendant, who testified: "The men in the shop came to me when they had met with accidents of that character to take the pieces out of the eye, whatever is in it. * * * I do not mean that it is a common thing that pieces of iron like the one that has been shown here flew into people's eyes; they may be small chips or they may be scale from the work as the tool drives, the scale of the castings. * * * If they hit him in the right spot, it will take his eyes out. Pieces fly there that if they happen to hit a man

right would cut out his eye. Take the average, three or four weeks, we will say a man might be hit in the eye that way; we don't naturally ask him how he was hit; we just take it out. Might be hit once in every three or four weeks."

The learned trial judge properly instructed the jury that if dangerous chipping had been going on in the vicinity of the plaintiff for some time and he knew of it and saw that no screens were put up, and nevertheless continued at his work without any complaint or any request for screens, he took the risk of the injury. As to this branch of the case the plaintiff's own testimony authorized the jury to find that such chipping as had been done in the machine shop to his knowledge up to the time of the accident had been done in such a way as not to throw the chips toward him at all; and hence that nothing had occurred to call his attention to the fact that there was no rule or custom of the establishment calling for the use of screens when chipping was done under such circumstances as to expose the fellow-workmen of the chipper to danger from the flying bits of iron. This evidence suffices to take the plaintiff out of the operation of the rule that a servant assumes all the risks incident to a business when he knows that no suitable rules or regulations have been adopted for its management.

I think the judgment should be affirmed.

All concurred, except HIRSCHBERG, J., dissenting.

Judgment and order affirmed, with costs.