VAUGHN v. GLENS FALLS PORTLAND CEMENT CO.

(Supreme Court, Appellate Division, Third Department. May 3, 1905.)

MASTER AND SERVANT—EMPLOYERS' LIABILITY ACT—ASSUMPTION OF RISK—CONTRIBUTORY NEGLIGENCE—QUESTIONS OF FACT—VERDICT AGAINST EVIDENCE.

A servant who, at the suggestion of the foreman, thrust his hand into a wooden box, in which a screw with sharp blades was revolving rapidly, in order to loosen cement in a chute leading into the box, knowing that the cement was liable to fall in such quantities as to drive his arm against the screw, would be deemed to have assumed the risk, and to have been guilty of contributory negligence, as a matter of law, except for the provisions of the employers' liability act (Laws 1902, p. 1750, c. 600, § 3) declaring that the fact that an employé continues in the service after discovering the risk shall not, as a matter of law, be considered as an assumption of risk or as contributory negligence, but the

questions of assumption of risk and contributory negligence shall be deemed questions of fact, subject to the power of the court to set aside a verdict contrary to the evidence; and while, in view of these provisions, the question of the servant's assumption of risk and contributory negligence are questions of fact, yet a verdict in favor of the servant on those questions is clearly against the weight of the evidence, and subject to vacation by the court.

Appeal from Trial Term.

Action by Albert A. Vaughn against the Glens Falls Portland Cement Company. From an order granting a new trial, plaintiff appeals. Affirmed.

The facts of this case present the following situation: In the course of making and handling the cement at the defendant's works, the ground material was stored in a large bin situated on one floor, from which it passed by gravity through a chute leading through the floor into the cellar, and into a long conveyor, in which was revolving a screw or worm, by which it was carried or moved along into some other part of the works. The cement at times became jammed and stuck fast in the bin, and would not pass through the chute by gravity alone down into the conveyor containing the screw. On such occasions it was started down by jarring the chute, and occasionally, when that would not start it, by taking a pole and running it up from below through the chute into the bin, and so loosening the cement therein. On the day in question the cement had become hardened and would not flow, and the jarring did not seem to start it. Plaintiff and defendant's foreman were both there, trying to start it, and the foreman directed that a pole be gotten to thrust up from below into the bin. At this time the conveyor, which was a long wooden box, about 17 inches or 18 inches square, was open on the top, and the screw or worm, which was of iron, with sharp-edged blades, was revolving rapidly. The space on either side of such conveyor was occupied by bags of cement piled there, leaving only about 12 inches to 18 inches on either side to stand or work in; and therefore only a short stick, about three feet long, could be used to thrust up the chute. The foreman handed such a stick to the plaintiff, and told him to use that. In order to reach the cement up in the bin with so short a stick, it was necessary to extend the arm up into the spout which brought it directly over the revolving worm; and manifestly, if the cement loosened and fell from above onto the arm, it would drive it down upon the worm, and cut and injure it. The plaintiff thrust the stick into the cement twice. On the second thrust, the cement fell, driving his hand and arm down onto the worm, and so severely injured it that amputation became necessary. The action is brought to recover damages, therefor. It further appeared that the plaintiff had worked at that business for upwards of three years, and was familiar with it. The trial judge sent the case to the jury, which found a verdict for the plaintiff in the amount of $3,000. He thereafter, on a motion by defendant, set such verdict aside and granted a new trial; and from such order the plaintiff brings this appeal.

Argued before PARKER, P. J., and SMITH, CHASE, CHESTER, and HOUGHTON, JJ.

Ashley & Williams (Edgar T. Brackett and Henry W. Williams, of counsel), for appellant.

King & Angell (Joseph A. Kellogg and Edward M. Angell, of counsel), for respondent.

PARKER, P. J. Concede that the defendant was negligent, in that it did not furnish the plaintiff with a safe place in which to do the work required of him, and safe and proper implements with which to do it; very clearly the plaintiff had full knowledge of the dangerous situation, and of the whole risk he ran in doing what

he was asked to do. In effect, it is a case where, both employer and employé being present, and the work to be done, if done in the easiest and quickest manner, and with the means and in the situation furnished by the defendant, being work that required the taking of a great and dangerous risk, the employer suggests that it be taken, and the employé unhesitatingly takes it. The plaintiff's counsel urges that the employé did not fully understand the risk, because he did not know whether enough cement would fall, when stirred by the stick, to drive his hand down onto the screw. But he knew as much as the defendant did on that subject. Of course, neither could tell° just how much would fall, but both knew that the purpose of stirring it was to start it running, and both understood that they intended to have it run through the spout in quantities much larger than was needed to drive the plaintiff's hand down onto the screw; and it is apparent from the plaintiff's own testimony that he appreciated the fact that, unless he got his hand away from under the cement before it began to run, as they hoped and expected it would, it would surely force his arm down onto the screw. Beyond all doubt, the plaintiff understood that he must, and expected that he would, be able to withdraw his hand ahead of the falling cement; and he knowingly took the risk of doing so. He was familiar with the construction of the bin and spout and conveyor, and the construction and working of the worm, and the purpose of starting the running of the cement, and had been familiar with it for years. He himself on some occasions acted as foreman there. As to him the risk, in all its details, was an obvious one; and, unless there is some provision in the employers' liability act (Laws 1902, p. 1748, c. 600) that has changed the rule, he is barred from a recovery, both upon the principle that the risk was one assumed by him, and also that his own negligence in taking the risk which the situation plainly indicated contributed to the injury. Drake v. Auburn City Ry. Co., 173 N. Y. 466, 66 N. E. 121; Maltbee v. Belden, 167 N. Y. 307, 312, 60 N. E. 645, 54 L. R. A. 52.

The provisions of section 3 (page 1750) of the employers' liability act do not, in my opinion, prevent the application of this defense to this case. By that section it is substantially provided that it may no longer be presumed as a matter of law (viz., conclusively be presumed) that an employé has assumed all risks that are obvious and fully appreciated by him. Such a presumption now goes only to those that are in such section defined as "necessary" risks. So also, hereafter, the fact that the employé continues in the service and performs the work, with the implements and in the manner required of him, after discovering the risk, and danger of personal injury likely to occur therefrom, shall not, "as matter of law," be considered as an assumption of such risk by the employé, or as contributory negligence on his part. But the question whether the employé understood and so assumed such risk, or was guilty of contributory negligence by so continuing in the service, shall be one of fact, subject to the usual power of the court, in a proper case, to set aside a verdict rendered contrary to the evidence.

In this case the risk was plain and obvious to the plaintiff, but it was one not necessarily existing. It resulted from a negligent omission on the defendant's part. The plaintiff's deliberate performance of the work, therefore, cannot be considered, as matter of law, to be an assumption of such risk, nor as contributory negligence on his part. But whether the plaintiff understood and assumed the risk which the service then required from him, and whether it was a negligent act on his part to render it, the statute distinctly declares, shall be a question of fact, and the verdict of a jury thereon may be reviewed by the court. That is the position which this appeal presents. The questions were submitted to the jury as questions of fact. The jury, against the plain weight of the evidence, and against the clear inferences which should be drawn from the whole situation, have found for the plaintiff; that is, that he had neither, by waiver, assumed the risk which he then incurred, nor was he thereby guilty of any negligence that contributed to his injury. This conclusion the trial judge has considered so clearly erroneous that he has vacated the verdict, and allowed a new trial thereon. I am of the opinion that he was clearly right, and that his order should therefore be affirmed, with costs. All concur; CHASE and HOUGHTON, JJ., in result.