MILLER, Respondent, v. NEW YORK CITY R. CO., Appellant. (Supreme Court, Appellate Division, First Department. June 9, 1905.) Action by Agnes Miller, as administratrix, against the New York City Railroad Company. B. H. Ames, for appellant. J. M. Ward, for respondent.

PER CURIAM. Judgment and order reversed, and new trial ordered, costs to appellant to abide event, unless plaintiff stipulates to reduce judgment as entered to $2,685.24, in which event judgment as so modified and order affirmed, without costs.

MILLET, Appellant, v. NEWBURGER, Respondent. (Supreme Court. Appellate Division, Third Department. May 23, 1905.) Action by Alice M. Millet against Moses Newburger. No opinion. Judgment and order unanimously affirmed, with costs.

MINALDI, Respondent, v. THURSTON, Appellant. (Supreme Court, Appellate Term. May 23, 1905.) Appeal from Municipal Court, Borough of Manhattan, Ninth District. Action by Joseph T. Minaldi against Alfred H. Thurston. From a judgment for plaintiff, defendant appeals. Reversed. McCurdy & Yard (Delos McCurdy, of counsel), for appellant. Charles Howard Williams (Howard H. Williams, of counsel), for respondent.

PER CURIAM. We are of the opinion that the respondent was right when he stated that it was ridiculous to ask him how many times he had shaved the appellant in four years. It is evident that the plaintiff did not know what services he had rendered the defendant in four years, and that the reason he did not know was because such services as were rendered by him to the defendant were not rendered under any express agreement or promise of payment. From the circumstances shown by the evidence the law will not imply a promise by the defendant to pay for such services. But whether there was or was not a promise to pay for the services rendered, or whether the law would or would not infer such a promise, the extent of the services is not shown by clear and definite evidence. The judgment is reversed, and a new trial ordered, with costs to the appellant to abide the event.

MOLWITZ, Respondent, v. MANHATTAN RY. CO. et al., Appellants. (Supreme Court, Appellate Division, First Department. June 9, 1905.) Action by Ernest Molwitz against the Manhattan Railway Company and others. T. L. Waugh, for appellants. W. G. Peckham, for respondent. No opinion. Judgment affirmed, with costs.

MOORE, Appellant, v. SANFORD, Respondent. (Supreme Court, Appellate Division, Fourth Department. May 17, 1905.) Action by Joseph Moore against William S. Sanford.

PER CURIAM. Judgment of County Court reversed, with costs, and judgment of the justice court affirmed, with costs. Held, that upon the facts of this case the declarations of the vendor were properly excluded by the justice.

In re MORRIS. (Supreme Court, Appellate Division, First Department. June 16, 1905.) In the matter of Henry J. Morris. No opinion. Reference ordered.

MORRISON et al., Respondents, v. YORK, Appellant. (Supreme Court, Appellate Division, Fourth Department. May 23, 1905.) Action by Solomon Morrison and another against Daniel York. No opinion. Motion for leave to appeal to the Court of Appeals denied, with $10 costs.

MOSES, Appellant, v. THOMAS, Respondent. (Supreme Court, Appellate Division, First Department. June 9, 1905.) Action by Raphael J. Moses against William M. Thomas. H. M. Wood, for appellant. M. Kellogg, for respondent. No opinion. Reargument ordered.

MOSKOWITZ v. BROOKLYN HEIGHTS R. CO. (Supreme Court. Appellate Division, First Department. June 23, 1905.) Action by Celia Moskowitz against Brooklyn Heights Railroad Company. No opinion. Motion denied, with $10 costs.

MUELLER, Appellant, v. INTERNATIONAL RY. CO., Respondent. (Supreme Court, Appellate Division, Fourth Department. July 6, 1905.) Action by Charles Mueller against the International Railway Company. Judgment for defendant, and plaintiff appeals. Affirmed.

PER CURIAM. Judgment and order affirmed, with costs.

SPRING, J. (dissenting). The plaintiff, a conductor in the employ of the defendant, was hit by a post and injured while riding on the running board of an open car of the defendant, which was one of extra length. This post was on a curve in the road, and the plaintiff had passed it only four times while acting as conductor on an open car. By reason of the curve there was little danger that he would be hit by the post while on the running board, unless he was near the center of the car. I think the case is distinguishable from Drake v. Auburn City Railway Co., 173 N. Y. 466, 66 N. E. 121. In that case the gist of the opinion is that the plaintiff's intestate had passed the tree which struck him, as conductor or motorman, over 200 times, and the court assumes that he had knowledge of the proximity of this leaning tree. We cannot indulge that assumption in this case. The plaintiff testified that he did not know of this post. Texas Railway Company v. Swearingen, 196 U. S. 51, 25 Sup. Ct. 164, 49 L. Ed. 382, is a recent and pertinent decision.

HISCOCK, J., concurs.

MULLER, Appellant, v. MULLER et al., Respondents. (Supreme Court, Appellate Division, First Department. June 23, 1905.) Ac-