ALBERT A. VAUGHN, Appellant, *v.* THE GLENS FALLS PORTLAND CEMENT COMPANY, Respondent.

*Negligence — assumption of risk — injury to an employee forcing, by direction of a foreman, a stick up through a chute in order to loosen ground cement and to cause it to fall upon a revolving screw — it presents, under the Employers' Liability Act, a question of fact for the jury — when a verdict for the employee will be set aside.*

In an action brought to recover damages for personal injuries, it appeared that the plaintiff was an experienced workman employed in the defendant's cement works; that the ground cement passed by gravity from a bin through a chute into a conveyor, which conveyor contained a revolving screw or worm by which the cement was carried along; that at times the cement would stick in the chute and that on such occasions the flow thereof was started by running a pole from below through the chute; that, on the day in question, the cement ceased to flow and that the plaintiff and his foreman attempted to start it; that the conditions were such that it was necessary to use a stick about three feet long and also for the person using the stick to extend his arm into the chute in such a position that if the cement fell upon his arm it would drive it down upon the revolving worm; that the foreman handed such a stick to the plaintiff and told him to use it; that while the plaintiff was using it the cement fell, driving his hand and arm down upon the worm, injuring it.

Upon an appeal from an order setting aside a verdict in favor of the plaintiff, it was

*Held,* that in the absence of some provision in the Employers' Liability Act changing the common-law rule, the plaintiff could not recover, both because the risk was one assumed by him and also because his own negligence, in taking the risk, contributed to the injury;

That the risk involved in the situation, while plain and obvious, was not a risk which necessarily existed, and that, therefore, under the provisions of section 3 of the Employers' Liability Act, it could not be said, as matter of law, that the plaintiff assumed such risk or that he was guilty of contributory negligence;

That, therefore, the case was properly submitted to the jury, but as the verdict of the jury in favor of the plaintiff was against the plain weight of the evidence it was properly set aside.

APPEAL by the plaintiff, Albert A. Vaughn, from an order of the Supreme Court, made at the Warren Trial Term and entered in the office of the clerk of the county of Warren on the 4th day of January, 1904, setting aside a verdict theretofore rendered in favor of the plaintiff and granting a new trial of the action.

The facts of this case present the following situation: In the course of making and handling the cement at the defendant's

works, the ground material was stored in a large bin situated on one floor, from which it passed by gravity through a chute leading through the floor into the cellar and into a long conveyor, in which was revolving a screw or worm by which it was carried or moved along into some other part of the works. The cement at times became jammed and stuck fast in the bin, and would not pass through the chute by gravity alone down into the conveyor containing the screw. On such occasions it was started down by jarring the chute, and occasionally, when that would not start it, by taking a pole and running it up from below through the chute into the bin, and so loosening the cement therein.

On the day in question the cement had become hardened and would not flow, and the jarring did not seem to start it. Plaintiff and defendant's foreman were both there trying to start it, and the foreman directed that a pole be gotten to thrust up from below into the bin. At this time the conveyor, which was a long wooden box about seventeen or eighteen inches square, was open on the top, and the screw or worm, which was of iron with sharp edged blades, was revolving rapidly. The space on either side of such conveyor was occupied by bags of cement piled there, leaving only about twelve to eighteen inches on either side to stand or work in, and, therefore, only a short stick about three feet long could be used to thrust up the chute. The foreman handed such a stick to the plaintiff and told him to use that. In order to reach the cement up in the bin with so short a stick, it was necessary to extend the arm up into the spout which brought it directly over the revolving worm, and manifestly, if the cement loosened and fell from above onto the arm, it would drive it down upon the worm and cut and injure it. The plaintiff thrust the stick into the cement twice. On the second thrust the cement fell, driving his hand and arm down onto the worm, and so severely injured it that amputation became necessary. The action is brought to recover damages therefor. It further appeared that the plaintiff had worked at that business for upwards of three years and was familiar with it.

The trial judge sent the case to the jury, which found a verdict for the plaintiff in the amount of $3,000. He thereafter, on a motion by defendant, set such verdict aside and granted a new trial, and from such order the plaintiff brings this appeal.

*Edgar T. Brackett* and *Henry W. Williams*, for the appellant.

*Edward M. Angell* and *Joseph A. Kellogg*, for the respondent.

PARKER, P. J.:

Concede that the defendant was negligent in that it did not furnish the plaintiff with a safe place in which to do the work required of him, and safe and proper implements with which to do it, very clearly the plaintiff had full knowledge of the dangerous situation, and of the whole risk he ran in doing what he was asked to do. In effect, it is a case where both employer and employee being present, and the work to be done, if done in the easiest and quickest manner, and with the means and in the situation furnished by the defendant, being work that required the taking of a great and dangerous risk, the employer suggests that it be taken and the employee unhesitatingly takes it. The plaintiff's counsel urges that the employee did not fully understand the risk, because he did not know whether enough cement would fall when stirred by the stick, to drive his hand down onto the screw. But he knew as much as the defendant did on that subject. Of course neither could tell just how much would fall, but both knew that the purpose of stirring it was to start it running, and both understood that they intended to have it run through the spout in quantities much larger than was needed to drive the plaintiff's hand down onto the screw; and it is apparent from the plaintiff's own testimony that he appreciated the fact that unless he got his hand away from under the cement before it began to run, as they hoped and expected it would, it would surely force his arm down onto the screw. Beyond all doubt the plaintiff understood that he must, and expected that he would, be able to withdraw his hand ahead of the falling cement; and he knowingly took the risk of doing so. He was familiar with the construction of the bin and spout and conveyor, and the construction and working of the worm, and the purpose of starting the running of the cement, and had been familiar with it for years. He, himself, on some occasions acted as foreman there. As to him, the risk in all its details was an obvious one, and unless there is some provision in the Employers' Liability Act (Laws of 1902, chap. 600) that has changed the rule, he is barred from a recovery, both upon the principle that the risk was one assumed by him, and

also that his own negligence in taking the risk which the situation plainly indicated contributed to the injury. (*Drake* v. *Auburn City Ry. Co.,* 173 N. Y. 466; *Maltbie* v. *Belden,* 167 id. 307, 312.)

The provisions of section 3 of the Employers' Liability Act do not, in my opinion, prevent the application of this defense to this case. By that section it is substantially provided that it may no longer be presumed as a matter of law, viz., conclusively be presumed, that an employee has assumed all risks that are obvious and fully appreciated by him. *Such* a presumption now goes only to those that are in such section defined as "necessary" risks. So, also, hereafter, the fact that the employee continues in the service and performs the work, with the implements and in the manner required of him, after discovering or after he has been informed of the risk and danger of personal injury likely to occur therefrom, shall not "as a matter of law" be considered as an assumption of such risk by the employee, or as contributory negligence on his part. But the question whether the employee *understood* and assumed such risk, or was guilty of contributory negligence, by so continuing in the service, shall be one of fact, subject to the usual powers of the court, in a proper case, to set aside a verdict rendered contrary to the evidence.

In this case the risk was plain and obvious to the plaintiff, but it was one not necessarily existing. It resulted from a negligent omission on the defendant's part. The plaintiff's deliberate performance of the work, therefore, cannot be considered, *as a matter of law,* to be an assumption of such risk, nor as contributory negligence on his part. But whether the plaintiff understood and assumed the risk which the service then required from him, and whether it was a negligent act on his part to render it, the statute distinctly declares shall be a question of fact, and the verdict of a jury thereon may be reviewed by the court. That is the position which this appeal presents. The questions were submitted to the jury as questions of fact. The jury, against the plain weight of the evidence, and against the clear inferences which should be drawn from the whole situation, have found for the plaintiff; that is, that he had neither by waiver assumed the risk which he then incurred, nor was he thereby guilty of any negligence that contributed to his injury. This conclusion the trial judge has considered so clearly erroneous that

he has vacated the verdict and allowed a new trial thereon. I am of the opinion that he was clearly right, and that his order should, therefore, be affirmed.

All concurred; CHASE and HOUGHTON, JJ., in result.

Order affirmed, with costs.