(59 Misc. Rep. 230.)

### VAUGHN v. GLENS FALLS PORTLAND CEMENT CO.

(Supreme Court, Trial Term, Warren County. May, 1908.)

1. MASTER AND SERVANT—INJURIES TO SERVANT—NEGLIGENCE.

Plaintiff, employed by a cement company, in order to overcome the failure of the cement to flow through the conduits into the bins, poked a stick up the conduit, in consequence of which the cement suddenly flowed through the conduit and injured him. Defendant knew that the form of the bins caused the contents thereof to clog, but failed to provide any method or instrumentality for overcoming the difficulty. Held, that defendant was negligent.

2. SAME—CONTRIBUTORY NEGLIGENCE—ASSUMED RISK.

Plaintiff in so using the stick was not negligent as a matter of law, nor did he assume the risk of being injured in the manner described.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 34, Master and Servant, §§ 1068–1132.]

3. DAMAGES—PERSONAL INJURIES—VERDICT—EXCESSIVENESS.

Plaintiff, a common laborer, was injured by the sudden flow of cement in defendant's cement mill in which he was employed, suffering the loss of an arm, by defendant's negligence. There had been four trials, on three of which verdicts for plaintiff had been rendered, varying from $3,000 on the first trial to $6,000 on the fourth; it appearing that the jury on the last trial was in some degree influenced by the delay of justice. Held, that the verdict was excessive, and that a new trial would be granted unless plaintiff consented to a reduction of the verdict to $4,500.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 15, Damages, §§ 357–371.]

4. COSTS—EXTRA ALLOWANCE.

That an action for injuries to a servant had been four times tried did not render it an extraordinary one, so as to warrant an extra allowance of costs.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 13, Costs, § 624.]

Action by Albert A. Vaughn against the Glens Falls Portland Cement Company. Verdict for plaintiff for $6,000. On motion by defendant to set aside the verdict and for a new trial, and on motion by plaintiff for an extra allowance of costs. Motion for new trial denied, on condition that plaintiff consent to a reduction of the verdict to $4,500, and motion for extra allowance denied.

See 119 App. Div. 923, 104 N. Y. Supp. 1149.

Henry W. Williams (Edgar T. Brackett, of counsel), for plaintiff.
King & Angell, for defendant.

SPENCER, J.  This case has been tried four times.  Three trials
have been occasioned by disagreements between the judges and the
juries as to the contributory negligence of the plaintiff.

The first trial was before Mr. Justice Henry T. Kellogg, who set
aside a verdict for the plaintiff on the ground that he voluntarily per-
formed an act which he knew to be dangerous, and was therefore guilty
of contributory negligence.  This was affirmed without qualification
by the Appellate Division.  105 App. Div. 136, 93 N. Y. Supp. 979.

The second trial was before Mr. Justice Spencer, who granted a
nonsuit on the assumption that the unconditional affirmation of the
former decision by the higher court was equivalent to a decision that
the plaintiff was negligent.  This was reversed by the Appellate Divi-
sion (119 App. Div. 923, 104 N. Y. Supp. 1149), and a new trial ordered
on the ground that, by such affirmation, the higher court did not ap-
prove the grounds of the decision.

The third trial was before Mr. Justice Van Kirk, when a verdict was
rendered for the plaintiff, which he set aside on the ground that the
risk was an obvious one, and that the plaintiff was therefore guilty
of contributory negligence.  No appeal was taken.

The fourth trial was before Mr. Justice Spencer, and another verdict
for the plaintiff was had.  This is a motion to set aside that verdict
and direct a new trial.  As the question on which the judges and juries
have so differed is ultimately one for the jury, this motion should be
considered in the light of the history of the case.

The power of trial courts to set aside verdicts and order new trials
should never be exercised except for reasons which are strongly and
clearly stated.  The practice of setting aside verdicts as against the
law and weight of evidence, without indicating the law which has
been violated or the element of weakness in the testimony, is deplorable
in its results, and tends to bring the administration of justice into dis-
repute.  The same may be said of the reduction of verdicts by trial
courts.  The exercise of this power has hardly ever produced desirable
results.  It should be exercised with the greatest caution and only for
the most satisfactory reasons.  I will, therefore, attempt to give the
reasons for this decision.  The defendant was negligent.  No judge
or court has intimated otherwise.  Mr. Justice Parker, in his opinion
on the first appeal, said:

"In this case the risk was plain and obvious to the plaintiff, but it was one
not necessarily existing.  It resulted from a negligent omission on the defend-
ant's part.  The plaintiff's deliberate performance of the work, therefore,
cannot be considered as a matter of law to be an assumption of such risk, nor
as contributory negligence on his part."

It will therefore not be necessary to review at length the evidence
which supports such conclusion and indicates that the defendant did
not perform its whole duty to the plaintiff as its employé.  The de-
fendant well knew that the form of its bins caused the contents thereof
to clog and sometimes to fail to flow down the conduits when the ob-

structing slides were removed. It failed to provide any method or instrumentality for overcoming this difficulty. The haphazard methods resorted to for the purpose would be amusing, if the consequences were not so unfortunate. The danger to a .person poking a stick up the conduit in order to start the cement should have been known and fully appreciated by any intelligent employer, certainly one who was careful for the safety of his employé. There can therefore be no question that the, defendant was negligent.

As to the plaintiff, he was a common laborer, and may not be held to that degree of intelligence chargeable to an employer. He did not have the opportunity for observation possessed by his employer. He did not have like opportunity for knowing and appreciating the dangers of the situation. He, no doubt, realized to some extent the danger of extending his arm up the conduit for the purpose of dislodging the cement; but he had a right to depend upon the care of his employer not to expose him to unnecessary hazards. It is evident that, if the defendant had provided a proper instrument for the work, the accident would not have happened. Why three men, one a foreman charged with the superintendence of the work, should have spent so much time in pounding the conduit with a mallet, hoping thereby to cause the cement to fall as a result of concussion, before resorting to the use of a stick, is some evidence that every one appreciated that the latter method was undesirable. But the defendant made no plan or provision for this occasional exigency. The stick, which was provided by the defendant and handed to the plaintiff, was the choice of accident, and not an instrument kept for the purpose. The use of a short stick in the place of a long one, or an iron bar, as employed on other occasions, was an act of negligence for which it is difficult to blame the plaintiff. From. these facts I have grave doubt whether any jury will ever be found to find that the plaintiff was guilty of negligence.

As to assumption of risk, there can be no question, if we are right in our finding that there was an omission of duty on the part of defendant in providing for the safety of the plaintiff.

I am therefore of the opinion that, after four trials, the court should decline to interfere further and the verdict in favor of the plaintiff should be permitted to stand.

It is also urged by the defendant that the verdict is excessive. The verdict on the first trial was $3,000; on the third trial, $5,000, and on the fourth trial, $6,000. All these cannot be correct. The differences in the amounts furnish a fairly safe guide for the court to determine whether the last verdict is or is not excessive. The loss of an arm has been assessed by juries in many other actions of which the court may take cognizance. It seems to me that the jury at the last trial was in some degree influenced by the delay of justice. It is observable in most cases where repeated verdicts have been taken that they increase in amount. I have come to the conclusion that the court may in fairness to both parties reduce the present verdict from $6,000 to the sum of $4,500, providing that, if the plaintiff shall accept such reduction, the motion for a new trial be denied; but, in case the plaintiff declines to so accept, the motion to set aside the verdict and grant a new trial is ordered.

The only possible grounds for an extra allowance of costs are the repeated trials. Unfortunately this does not make the case an extraordinary one. As I look back over the different trials, I cannot say that it has been a difficult case. It seems to me that the first verdict should have stood. I therefore deny·the motion for an extra allowance.

Ordered accordingly.