## GALLE v. DUNN.

(Supreme Court, Appellate Term.   February 16, 1911.)

MASTER AND SERVANT (§ 280*)—TRIAL—EVIDENCE—ASSUMPTION OF RISK.
   Evidence in an action for personal injuries to a servant, where the verdict found that the defendant was negligent and that the plaintiff was not guilty of contributory negligence, *held* to show that plaintiff had assumed the risk.
   [Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 981–986; Dec. Dig. § 280.*]

Appeal from City Court of New York, Trial Term.

Action by Guiseppe Galle against Bart Dunn.   From a judgment entered upon a verdict for the plaintiff, defendant appeals.   Reversed, and new trial ordered.

Argued before HENDRICK, LEHMAN, and DELANY, JJ.

Barbour, Rush & Hare, for appellant.
Jacob H. Corn, for respondent.

HENDRICK, J.   Plaintiff gave evidence tending to show that, while plaintiff's fellow workman was pounding a chisel held by plaintiff, the head of the hammer flew off and broke his arm.   Defendant's claim is that the fellow workman missed his aim and struck plaintiff's arm, instead of the chisel.   Plaintiff claims that the hammer was the only one accessible adapted to that particular work.   Defendant claims that there were several from which plaintiff or his fellow workman selected the one used.   The evidence also conflicts as to whether the foreman was the alter ego of defendant, who was not present.   These questions were presented to the jury by a charge free from exception, and we do not consider it within our sphere to substitute our views for those expressed by the jury.

When plaintiff started to work, about 1 o'clock, his fellow workman, Pallagrina, called the attention of the foreman to the fact that the handle did not fit firmly into the eye of the hammer.   It was temporarily repaired by driving the handle more firmly into the head.   During the afternoon the temporary repairs were repeated and the work proceeded.   About half past 4 the head of the hammer flew off and caused the injury.   On these facts the jury has found that the defendant was negligent, and that plaintiff was not guilty of contributory negligence, and the learned trial judge has held that the verdict should not be set aside as contrary to law or against the weight of the evidence.

Defendant argues that the rule that an employer is liable for injuries caused by defective machinery does not apply here, for the reason that a simple tool, like a sledgehammer does not fall within the definition of machinery, nor within the mischief contemplated by the rule.   It does seem reasonable to suppose that a workman of full age and moderate intelligence should know as much about the danger of using a defective tool of that description as the employer; and in this case, after the handle had been twice tightened in plaintiff's presence, we are of opin-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

ion that he continued to work at his own risk, especially in view of his own testimony that he was using the hammer a part of the afternoon, but ceased its use on account of the defect. The employer's liability law (Consol. Laws, c. 31) provides that whether the employé under-stood and assumed the risk should be decided as a question of fact. No change was made in that rule by the labor law. But the statute preserves the right of the court to set aside verdicts which are against the weight of evidence, and we feel constrained to adopt the view that the court should have exercised that right in this case. McMillan v. Minetto Shade Cloth Co., 134 App. Div. 28, 117 N. Y. Supp. 1081; Marsh v. Chickering, 101 N. Y. 396, 5 N. E. 56; Kellogg v. N. Y. Edison Co., 120 App. Div. 410, 105 N. Y. Supp. 398.

Judgment and order reversed, and new trial ordered, with costs to appellant to abide the event. All concur.