GUISEPPE GALLO, Respondent, v. BART DUNN, Appellant.

(Supreme Court, Appellate Term, March, 1911.)

Master and servant — Master's liability for injuries to servant —Actions — Questions for jury —Assumption of risk.
New trial — Grounds — Verdict or findings contrary to law or evidence — Verdict contrary to evidence — Weight of evidence.

The provisions of the Employers' Liability Act that whether an employee understood and assumed the risk of his employment should be decided as a question of fact was not changed by the Labor Law.

Where, in an action to recover for personal injuries, plaintiff's testimony tended to show that, while a fellow workman was pounding a chisel held by plaintiff who was of full age, the head of the hammer flew off and broke his arm, but it also appeared that the handle of the hammer had been twice tightened in plaintiff's presence, and that he was using the hammer a part of the afternoon of the accident but ceased its use on account of the defect, and,

where the question of plaintiff's assumption of risk was left to the jury and a verdict was rendered for the plaintiff, an order of the trial court denying a motion to set aside the verdict as against the weight of evidence should be reversed.

APPEAL by the defendant from a judgment of the City Court of the city of New York, entered in favor of the plaintiff upon a verdict rendered by a jury, and also from an order denying a motion for a new trial.

Barbour, Rush & Hare, for appellant.

Jacob H. Corn, for respondent.

HENDRICK, J.   Plaintiff gave evidence tending to show that, while plaintiff's fellow workman was pounding a chisel held by plaintiff, the head of the hammer flew off and broke his arm.   Defendant's claim is that the fellow workman missed his aim and struck plaintiff's arm instead of the chisel.   Plaintiff claims that the hammer was the only one accessible adapted to that particular work.   Defendant claims that there were several from which plaintiff or his fellow workman selected the one used.   The evidence also conflicts as to whether the foreman was the *alter ego* of defendant, who was not present.

These questions were presented to the jury by a charge free from exception.   We do not consider it within our sphere to substitute our views for those expressed by the jury.

When plaintiff started to work, about one o'clock, his fellow workman, Pallagrina, called the attention of the foreman to the fact that the handle did not fit firmly into the eye of the hammer.   It was temporarily repaired by driving the handle more firmly into the head.   During the afternoon the temporary repairs were repeated, and the work proceeded.   About half past four the head of the hammer flew off and caused the injury.

On these facts the jury has found that the defendant was negligent and that plaintiff was not guilty of contributory negligence, and the learned trial judge has held that the verdict should not be set aside as contrary to law or against the weight of the evidence.

Supreme Court, Appellate Term, March, 1911.     [Vol. 71.

Defendant argues that the rule that an employer is liable for injuries caused by defective machinery does not apply here, for the reason that a simple tool like a sledge-hammer does not fall within the definition of machinery nor within the mischief contemplated by the rule. It does seem reasonable to suppose that a workman of full age and moderate intelligence should know as much about the danger of using a defective tool of that description as the employer. And, in this case, after the handle had been twice tightened in plaintiff's presence, we are of opinion that he continued to work at his own risk, especially in view of his own testimony that he was using the hammer a part of the afternoon, but ceased its use on account of the defect. The Employers' Liability Law provides that whether the employee understood and assumed the risk should be decided as a question of fact. No change was made in that rule by the Labor Law. But the statute preserves the right of the court to set aside verdicts which are against the weight of evidence, and we feel constrained to adopt the view that the court should have exercised that right in this case. McMillan v. Minetto Shade Cloth Co., 134 App. Div. 28; Marsh v. Chickering, 101 N. Y. 396; Kellogg v. N. Y. Edison Co., 120 App. Div. 410.

Judgment and order reversed and new trial ordered, with costs to appellant to abide the event.

LEHMAN and DELANY, JJ., concur.

Judgment reversed.